So Ordered.

Dated: September 30, 2022



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:  
Shawn Wesley Egerson,  
           Debtor.

Chapter 13  
Case No. 21-22557-kmp

**DECISION AND ORDER OVERRULING RACINE COUNTY TREASURER'S OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED PLAN**

      The issue before the Court is whether the Debtor's Chapter 13 plan must pay the Wisconsin statutory rate of interest for past due property taxes on the entire amount of the nine claims filed by the Racine County Treasurer (the "County"). The Debtor has proposed in his Chapter 13 plan to pay 12% interest on the tax principal amounts, but to pay 3.25% interest on the interest and penalties that have accrued. The County has asserted that the Debtor should pay 12% interest on the entire amount of the nine claims. For the reasons stated below, the Court holds that the Debtor's Chapter 13 plan is not required to pay 12% interest on already accrued interest and penalties. Accordingly, the County's objection to confirmation of the Debtor's plan is overruled.

      The Debtor owns nine rental properties in Racine, Wisconsin. The County has filed nine proofs of claim for the nine properties for past due real estate taxes, interest, and penalties owed by the Debtor to the County. The Debtor's amended plan proposes to pay all nine of the County's claims in full as secured claims.[1] The following chart summarizes the Debtor's proposed treatment of the properties in his plan and the proofs of claim filed by the County related to those properties:

---

[1] The Court rejects the County's argument that the Debtor should have brought a motion or claim objection under Rule 3012(c) of the Federal Rules of Bankruptcy Procedure to determine the amount of the County's secured claims. The Debtor's amended plan does not request a determination of the amount of the County's secured claims. Instead, the Debtor has proposed to treat the County's claims as fully secured.

| Claim No. | Property Address | County Claim – Total Claim Amount | County Claim – Tax Principal[2] | Debtor's Plan-Proposed Treatment of Tax Principal | County Claim – Interest and Penalties | Debtor's Plan-Proposed Treatment of Interest and Penalties |
|---|---|---|---|---|---|---|
| 14 | 1713 West Boulevard | $15,405.27 | $12,504.06 | $12,504.06 at 12% interest for past due amounts | $2,901.21 | $2,901.21 at 3.25% interest for interest and penalties |
| 15 | 1024 Wilson Street | $30,728.13 | $18,815.58 | $18,815.58 at 12% interest for past due amounts | $11,637.55 | $11,912.55 at 3.25% interest for interest and penalties |
| 16 | 809 Ninth Street | $35,498.80 | $19,501.01 | $19,501.01 at 12% interest for past due amounts | $15,722.79 | $15,997.79 at 3.25% interest for interest and penalties |
| 17 | 1110 Seventeenth Street | $33,302.60 | $18,848.87 | $18,848.87 at 12% interest for past due amounts | $14,178.73 | $14,453.73 at 3.25% interest for interest and penalties |
| 18 | 1338 Twelfth Street | $27,961.97 | $15,084.46 | $15,084.46 at 12% interest for past due amounts | $12,602.51 | $12,877.51 at 3.25% interest for interest and penalties |
| 19 | 1912 Phillips Avenue | $39,891.94 | $23,247.65 | $23,247.65 at 12% interest for past due amounts | $16,369.29 | $16,644.29 at 3.25% interest for interest and penalties |
| 20 | 1932 Mead Street | $27,027.60 | $19,070.91 | $19,070.91 at 12% interest for past due amounts | $7,681.69 | $7,956.69 at 3.25% interest for interest and penalties |
| 21 | 1725 Center Street | $15,428.10 | $11,020.82 | $11,020.82 at 12% interest for past due amounts | $4,132.28 | $4,407.28 at 3.25% interest for interest and penalties |
| 22 | 818 Seventeenth Street | $5,010.69 | $4,385.16 | $4,385.16 at 12% interest for past due amounts | $625.53 | $625.53 for interest and penalties (no interest in plan) |

---

[2] This amount was calculated using the nine claims filed by the County, including the Statement of Taxes Due, the 2020 Real Estate Tax Summary, and the other documents attached to the claims. This amount is also supported by the Property Tax Breakout that the County filed with its brief showing the amount of each component of its claim due for each tax year. Docket No. 141-1.

To summarize the chart above, the Debtor's amended plan separated each of the County's claims into two amounts – the tax principal and the interest and penalties – for the purpose of calculating the interest to be paid on the County's claims over the life of the Chapter 13 plan. Docket No. 124. The Debtor proposed to pay the tax principal in full with interest at the rate of 12% over the plan term. The Debtor proposed to pay the interest and penalties in full as well, but with interest at the rate of 3.25% over the plan term.

The County objected to confirmation of the Debtor's amended plan, arguing that for it to receive the present value of its nine claims the Debtor must pay 12% interest on the County's entire claim – the tax principal and the interest and penalties.

Section 1325(a)(5)(B)(ii) of the Bankruptcy Code provides that if a Chapter 13 debtor elects to retain property subject to a lien, the debtor's plan must provide for payments to the secured creditor whose total "value, as of the effective date of the plan . . . is not less than the allowed amount of such claim" unless the secured creditor accepts a plan providing different treatment. These payments "must be calibrated to ensure that, over time, the creditor receives disbursements whose total present value equals or exceeds that of the allowed claim." *Till v. SCS Credit Corp.*, 541 U.S. 465, 469 (2004). For a plan to satisfy § 1325(a)(5)(B)(ii) when the debtor is making payments over time, the debtor must pay interest on secured claims. *Id.* at 473-75.

Section 511 establishes the rate of interest to be paid on tax claims. That section provides:

> If any provision of [the Bankruptcy Code] requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law.

11 U.S.C. § 511(a).

Section 74.47 of the Wisconsin Statutes is the "applicable nonbankruptcy law" that provides the rate of interest to be applied to a tax claim under § 1325(a)(5)(B)(ii) and § 511. It provides:

> INTEREST. The interest rate on delinquent general property taxes, special charges, special assessments and special taxes included in the tax roll for collection is one percent per month or fraction of a month.

Wis. Stat. § 74.47(1). In other words, interest accrues at the rate of 12% per year on "delinquent general property taxes, special charges, special assessments and special taxes" in Wisconsin.

3

The Wisconsin Statutes also permit the imposition of a penalty of up to 6% per year on "delinquent general property taxes, special assessments, special charges and special taxes," providing:

> PENALTY ALLOWED.
>
> (a) Any county board and the common council of any city authorized to act under s. 74.87 may by ordinance impose a penalty of up to 0.5 percent per month or fraction of a month, in addition to the interest under sub. (1), on any delinquent general property taxes, special assessments, special charges and special taxes included in the tax roll.
>
> (b) Any ordinance enacted under par. (a) may specify that the penalty under this subsection shall apply to any general property taxes, special assessments, special charges and special taxes that are delinquent on the effective date of the ordinance.

Wis. Stat. § 74.47(2).

In this bankruptcy case, the parties disagree about what portion of the County's claim is entitled to 12% interest under the applicable nonbankruptcy law found in Wis. Stat. § 74.47(1). The Debtor proposes to pay the tax principal amounts over the term of the plan at the rate of 12% interest. The parties appear to agree that this treatment of the tax principal satisfies § 1325(a)(5)(B)(ii) and § 511. The parties' disagreement centers around the interest rate to be paid on the interest and penalties included in the County's nine claims. The Debtor proposes to pay interest on the interest and penalties at the rate of 3.25% and the County believes that the interest and penalties should accrue interest at 12%, the same rate as the tax principal.

The Court rejects the County's argument that the Debtor is required to pay 12% interest on the interest and penalties to satisfy § 1325(a)(5)(B)(ii) and § 511. To confirm his plan over the County's objection, the Debtor is required to pay the present value of the County's nine claims. To pay the present value, the Debtor must pay interest at the rate determined by applicable nonbankruptcy law. Section 74.47(1) of the Wisconsin Statutes provides the applicable nonbankruptcy law. Its plain language states that interest accrues at the rate of 12% per year on "delinquent general property taxes, special charges, special assessments and special taxes included in the tax roll for collection." Nowhere does Wis. Stat. § 74.47(1) state that interest accrues on interest or that interest accrues on penalties at the rate of 12%. Notably, the County has not pointed the Court to any statutory authority that permits it to charge interest on interest or interest on penalties.

Instead, the County points the Court to several Wisconsin state court cases, arguing that "Wisconsin courts have repeatedly recognized that any unpaid interest and penalty on back taxes becomes part of the tax that is owed." Docket No. 141 at 3. In support of its position, the County cites to *Munkwitz Realty & Inv. Co. v. Diederich Schaefer Co.*, 231 Wis. 504, 286 N.W. 30 (1939), holding that a municipality was entitled to priority over general creditors under Wisconsin's receivership statute for its claim for penalties and interest accruing on delinquent taxes, and to *Village of Westby v. Bekkedal*, 172 Wis. 114, 178 N.W. 451 (1920), holding that a delinquent tax penalty became part of the tax and payable with it. Presumably, the County makes this argument to convince the Court that the interest and penalties owed by the Debtor have been subsumed into the tax principal owed by the Debtor such that the tax principal, interest, and penalties are now the "tax claim" under § 511 and entitled to interest in accordance with Wis. Stat. § 74.47(1) at the rate of 12%.

The general proposition that interest and tax penalties are payable with the tax as stated in the *Munkwitz* and *Westby* cases is not especially novel. Indeed, the County's claims in this bankruptcy case include interest and tax penalties, and the Debtor's amended Chapter 13 plan proposes to pay the interest and tax penalties. The term "claim" as used in the Bankruptcy Code means a "right to payment," and the County certainly has a right to payment for the interest and the tax penalties under this broad definition. *See* 11 U.S.C. § 101(5)(A).

The problem with the County's argument is that § 511 requires the rate of interest to be "the rate determined under applicable nonbankruptcy law" and Wis. Stat. § 74.47 does not provide 12% interest on interest or 12% interest on tax penalties. The 12% interest rate set forth in Wis. Stat. § 74.47(1) is limited to "delinquent general property taxes, special charges, special assessments and special taxes." The 6% penalty set forth in Wis. Stat. § 74.47(2) is likewise limited to "delinquent general property taxes, special assessments, special charges and special taxes." Neither Wis. Stat. § 74.47(1) nor Wis. Stat. § 74.47(2) permits the County to charge interest on top of interest or interest on top of penalties.

The County's argument that it is entitled to 12% interest on the interest and 12% interest on the penalties is also directly rebutted by how the County has calculated its pre-petition claims. The County filed a "Property Tax Breakout" in support of its objection to confirmation of the Debtor's amended plan. The Property Tax Breakout shows how the County calculated the amounts the Debtor owed to the County on the nine properties as of May 2021, the date of the Debtor's bankruptcy filing. Docket No. 141-1. The Property Tax Breakout shows the calculation of simple interest at the Wisconsin statutory rate of 12% provided in Wis. Stat. § 74.47(1) on the Debtor's past due taxes on the nine properties. It also shows the calculation of a 6% penalty on the tax principal as permitted by Wis. Stat. § 74.47(2). The Property Tax Breakout does not include interest on interest or interest on penalties. Presumably, the County was calculating interest in accordance with Wis. Stat. § 74.47 (the "applicable nonbankruptcy law" under § 511) before the Debtor filed for bankruptcy. That same calculation of interest under Wis. Stat. § 74.47 applies with equal force after the Debtor filed for bankruptcy. *See* 11 U.S.C. § 511 ("the rate of interest shall be the rate determined under applicable nonbankruptcy

5

law."). The rate of interest should not and does not change just because a debtor files for bankruptcy.

A representative example from the County's Property Tax Breakout illustrates this point. It shows how the County calculated the pre-petition amounts owed by the Debtor to the County for the property that is the subject of Claim No. 22:

| Tax Key No: | 276-000008493000 | 2019 | 2020 | Totals |
|---|---|---|---|---|
| Address: | 818 17th St | | | |
| Net Tax: | | $1,089.33 | $1,174.61 | $2,263.94 |
| Spec Assess: | | $ - | $ - | $ - |
| Spec Charge: | | | | $ - |
| | Recycling: | $56.79 | $63.03 | $119.82 |
| | Sanitary Sewer: | $63.00 | $75.00 | $138.00 |
| Del Charge: | Water/Wastewater | $804.37 | $1,059.03 | $1,863.40 |
| Interest: | | $322.16 | $94.86 | $417.02 |
| Penalty: | | $161.08 | $47.43 | $208.51 |
| | | $2,496.73 | $2,513.96 | $5,010.69 |

For 2019, the County calculated interest on the tax principal amount of $2,013.49 ($1,089.33 net tax + $56.79 recycling + $63.00 sanitary sewer + $804.37 water/wastewater) at the Wisconsin statutory rate of 12% per year over sixteen months (the twelve months of 2020 and the four months of 2021 before the Debtor filed for bankruptcy on May 3, 2021). This simple interest calculation resulted in the Debtor being assessed $322.16 in interest for 2019. The County calculated a 6% penalty on the same tax principal for the same period resulting in the Debtor being assessed $161.08 in penalties for 2019. The County did not assess 12% interest on the penalty amount.

For 2020, the County calculated interest on the tax principal amount of $2,371.67 ($1,174.61 net tax + $63.03 recycling + $75.00 sanitary sewer + $1,059.03 water/wastewater) at the Wisconsin statutory rate of 12% per year over four months (January 2021 through April 2021, the four months before the Debtor filed for bankruptcy). This simple interest calculation resulted in the Debtor being assessed $94.86 in interest for 2020. The County calculated a 6% penalty on the same tax principal for the same period resulting in the Debtor being assessed $47.43 in penalties for 2020. The County did not compound interest and assess 12% interest on the 2019 interest in 2020, did not assess 12% interest on the 2019 penalties in 2020, and did not assess 12% interest on the 2020 penalty amount.

In all, the County's calculation of simple interest and penalties on the tax principal in 2019 and 2020 for this property totaled $625.53, which matches the interest and penalties amounts stated on Claim No. 22 filed by the County. The County did not compound interest in the Property Tax Breakout or on Claim No. 22. The County did not calculate interest on interest or interest on the penalties when preparing the Property Tax Breakout or Claim No. 22. The

County's own interest and penalties calculations under Wis. Stat. § 74.47, as stated on the Property Tax Breakout and Claim No. 22, did not involve charging interest on interest or interest on penalties. Applying the interest rate "determined under applicable nonbankruptcy law," which the County did in its Property Tax Breakout and Claim No. 22, results in the conclusion that the County is not entitled to 12% interest on interest or 12% interest on the penalties.

The Court's conclusion that the Debtor is not required to pay 12% interest on interest or 12% interest on the penalties to satisfy § 1325(a)(5)(B)(ii) and § 511 is also supported by the case law on this issue. In a case very similar to the one before the Court, a debtor proposed in his Chapter 13 plan to pay 12% interest on past due real estate taxes but refused to pay interest on the interest, penalties, and legal fees that had accrued on those real estate taxes. *See In re Jones*, 368 B.R. 602 (Bankr. S.D. Tex. 2007). The county demanded 12% interest on the real estate taxes and 12% interest on the interest, penalties, and legal fees that had accrued on those real estate taxes. To determine the rate of interest required by § 511 of the Bankruptcy Code, the bankruptcy court turned to the "rate determined under applicable nonbankruptcy law," which was the rate of interest required by the Texas statutes for past due property taxes. The relevant Texas statute provided:

> (a) A delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent. A delinquent tax continues to incur the penalty provided by this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered.
>
> . . .
>
> (c) A delinquent tax accrues interest at a rate of one percent for each month or portion of a month the tax remains unpaid. Interest payable under this section is to compensate the taxing unit for revenue lost because of the delinquency. A delinquent tax continues to accrue interest under this subsection as long as the tax remains unpaid, regardless of whether a judgment for the delinquent tax has been rendered.

*Id.* at 606 (citing Tex. Tax Code § 33.01). The court concluded that "[n]othing in this statute refers to the County's authority to charge interest on interest, interest on penalties and interest on

legal fees. Nor has the County cited any Texas statute or Texas case interpreting Tex. Tax Code § 33.01 that allows for a taxing unit to charge interest on anything but the principal tax claim." *Id.* The court applied "the specific language of the recently enacted § 511, which requires interest to be established by reference to applicable nonbankruptcy law – in this case, Texas state law" and noted that "[t]he County has not provided, and this Court is unable to find, any Texas statutory authority for granting interest on interest, interest on penalties, or interest on fees. Therefore, the Court must limit the interest to 12.00% on the principal of the County's claim." *Id.* at 607.

The analysis performed by the *Jones* court applies with equal force in this case. Section 511 of the Bankruptcy Code requires interest to be established by reference to applicable nonbankruptcy law – in this case, Wisconsin state law. Section 74.47(1) of the Wisconsin Statutes allows the County to charge 12% interest on an annual basis on "delinquent general property taxes, special charges, special assessments and special taxes included in the tax roll for collection." Nothing in Wis. Stat. § 74.47 allows the County to charge interest on interest or interest on penalties. The County has not cited any Wisconsin statute that permits the County to charge 12% interest on interest or 12% interest on penalties. Not only that, the County's own Property Tax Breakout and its nine proofs of claim demonstrate that the County's own application of Wis. Stat. § 74.47 does not involve charging interest on interest or interest on penalties.

IT IS THEREFORE ORDERED: the objection to confirmation filed by the Racine County Treasurer is overruled.

#####